IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNIQUE CROWNE HOSPITALITY, LLC, | § § § | REMOVED FROM CAUSE NO. 2016-73084 61ST JUDICIAL DISTRICT |
| *Plaintiff,* | § § § § | HARRIS COUNTY |
| v. | § § | CIVIL ACTION NO. _____ |
| EVEREST INDEMNITY INSURANCE COMPANY, ENGLE MARTIN & ASSOCIATES, and KEVIN WILSON MAYFIELD | § § § § § | |
| *Defendants.* | § | JURY |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant Everest Indemnity Insurance Company, who, pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, hereby removes to this Court the civil action now pending in the 61st Judicial District Court in Harris County, Texas, entitled "Unique Crowne Hospitality, LLC v. Everest Indemnity Insurance Company, Engle Martin & Associates, and Kevin Wilson Mayfield," Cause No. 2016-73084, on the following grounds:

**I.   PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL**

1. Plaintiff Unique Crowne Hospitality, LLC ("Plaintiff") brought suit against Defendants Everest Indemnity Insurance Company ("Everest"), Engle Martin & Associates ("Engle Martin"), and Kevin Wilson Mayfield (collectively, "Defendants") in Harris County, Texas on October 21, 2016.  The District Clerk of Harris County gave this case cause number 2016-73084 and assigned the case to the 61st Judicial District.  (Pl.'s

Orig. Pet., Ex. A-2)

2. Citation and Plaintiff's Original Petition were first served on the Everest on December 5, 2016. A copy of the Petition, and the related process papers served upon Defendant to date are attached hereto as Exhibit A-2 and A-5. No other pleadings have been served upon Defendant.

3. This notice of removal is being filed within 30 days of the date on which Defendant received a copy of this petition through service or otherwise and has been filed within one year of commencement of this action. Therefore, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

## II.     FACTUAL BACKGROUND

4. In Plaintiff's Original Petition, Plaintiff asserts a variety of different causes of action against Defendants arising out of Everest's denial of an insurance claim on a building that Plaintiff owns in Houston, Texas. (Ex. A-2 at 3-9) After conducting an investigation, Everest denied Plaintiff's wind damage claim on June 30, 2016. (*Id.* at 5).

5. More specifically, Plaintiff asserts the following causes of action against Everest:

       a.    Violations of the Texas Insurance Code;

       b.    Violations of the Texas Prompt Pay Act;

       c.    Breach of Contract;

       d.    Breach of Duty of Good Faith and Fair Dealing;

       e.    Violations of the Texas Deceptive Trade Practices Act

(*Id.* at 6-10)

6. Plaintiff asserts the following causes of action against Engle Martin:

    a. Violations of the Texas Insurance Code;

    b. Violations of the Texas Prompt Pay Act;

    c. Violations of the Texas Deceptive Trade Practices Act.

(*Id.* at 6-10)

7. Plaintiff asserts the following causes of action against Mayfield:

    a. Violations of the Texas Insurance Code;

    b. Violations of the Texas Prompt Pay Act;

    c. Violations of the Texas Deceptive Trade Practices Act.

(*Id.* at 6-10)

8. On January 3, 2017, Defendants answered in state court and denied Plaintiff's allegations. (Def. Ans., Ex. A-7).

### III.   BASIS FOR REMOVAL:  DIVERSITY JURISDICTION

**A.   Complete diversity exists between Plaintiff, Everest and Engle Martin; Mayfield was fraudulently joined.**

9. Complete diversity exists between Plaintiff, Everest, and Engle Martin. Plaintiff is a Texas limited liability company. (Ex. A-2 at 1)

10. Everest is organized under the laws of the State of Delaware and maintains its principal place of business in the State of New Jersey.

11. Engle Martin is organized under the laws of the State of Georgia and maintains its principal place of business in the State of Georgia. (Declaration of Stephen Beene, Ex. B) To the extent Plaintiff's Original Petition and Jury Demand suggests that

3

Engle Martin maintains its principal place of business in Texas, that assertion should be disregarded. *See, e.g.*, *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016) ("A defendant is improperly joined if the moving party establishes that (1) the plaintiff *has* stated a claim against a diverse defendant that he fraudulently alleges is nondiverse, or (2) the plaintiff *has not* stated a claim against a defendant that he properly alleges is nondiverse.")[1] Engle Martin is unquestionably a Georgia resident for purposes of diversity jurisdiction.

12.   Plaintiff has no viable causes of action against Mayfield, the only defendant with Texas citizenship. Mayfield should be disregarded for purposes of federal jurisdiction because he has been fraudulently joined. *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 572–73 (5th Cir. 2004). (noting that when assessing whether diversity jurisdiction exists, a court must disregard non-diverse citizenship of an improperly joined defendant).

13.   For present purposes, Defendant may establish improper joinder by showing the inability of the Plaintiff to establish a cause of action against Mayfield in state court. *See Michels v. Safeco Ins. Co. of Indiana,* No. 13-50321, 544 Fed. Appx. 535, 538, 2013 WL 5935067, *3 (5th Cir. Nov. 6, 2013). To prove this, Defendant must show "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood,* 385 F.3d at 573. Additionally, the possibility of imposing liability must be reasonable, not merely theoretical. *Id.* at 573 n.9.

---

[1] While Engle Martin does not concede that Plaintiff has stated a claim against it, it is sufficient for present purposes to show that it does not maintain its principal place of business in the State of Texas; therefore, it is diverse with respect to Plaintiff.

4

14. In determining whether the state-court pleading states a reasonable possibility of imposing liability against Mayfield, the United States Court of Appeals for the Fifth Circuit recently clarified that this Court must analyze the pleading under the Federal pleading standards—in other words, the Court must conduct a Rule 12(b)(6)-type of analysis. *Int'l Energy Ventures Mgmt.*, 818 F.3d at 200. The Fifth Circuit's *Int'l Energy Ventures* decision abrogated a line of cases that held that Texas's more deferential notice pleading standard applied in such situations. *Id.*

15. Further, although district courts are cautioned not to pre-try a case to determine removal jurisdiction, the court may consider "summary judgment-type evidence such as affidavits and deposition testimony" in determining whether there is improper joinder. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999).

16. The Court must determine whether Plaintiff has set forth "specific actionable conduct" to support its claim against Mayfield. *Griggs,* 181 F.3d at 699. As one court put it:

> This means that the state-court petition must allege facts sufficient to establish the essential elements of each asserted cause of action. Merely lumping diverse and non-diverse defendants together in undifferentiated liability averments of a petition does not satisfy the requirement to state specific actionable conduct against the non-diverse defendant. Additionally, merely asserting a laundry list of statutory violations without factual support as to how a non-diverse defendant violated the statute will not suffice.

*Calvary United Pentecostal Church v. Church Mut. Ins. Co.*, 4:15-CV-365, 2015 WL 5354827, at *3 (E.D. Tex. Sept. 14, 2015).

17. Here, the vast majority of Plaintiff's allegations against Mayfield amount to no more than boilerplate, undifferentiated allegations. For instance, Plaintiff's allegations

5

with regard to Mayfield's alleged violations of the Texas Insurance Code on pages 6-7 are nothing but undifferentiated allegations against all three Defendants. Plaintiff pleads no "specific actionable conduct" by Mayfield.

18.     Plaintiff's second cause of action—"Prompt Payment of Claim"—showcases the true boilerplate nature of Plaintiff's Petition. Plaintiff alleges that all Defendants violated the Prompt Payment of Claims Act. (Ex. A-2 at 8) However, the portion of the Texas Insurance Code that Plaintiff cites is only applicable to "any insurer authorized to engage in business as an insurance company or to provide insurance in this state." Tex. Ins. Code. § 542.052. The subchapter, by its own terms, does not apply to adjusters such as Mayfield. *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 723 (N.D. Tex. 2014) ("[The adjuster] is not an insurer so she cannot be held liable under it."). Thus, these allegations can be disregarded for purposes of the removal analysis.

19.     Plaintiff's final cause of action applicable to Mayfield—"Violations of Texas DTPA"—simply incorporates the same boilerplate allegations of violations of the Texas Insurance Code. This cause of action does not state a basis for a claim against Mayfield.

**B.     The Amount in Controversy Exceeds $75,000.00 Exclusive of Interest and Costs.**

20.     Plaintiff alleges in its petition a loss in excess of $1 million. (Ex. A-2 at 3). It is evident that Plaintiff seeks an amount in excess of $75,000.00, excluding interest and costs.  As such the statutory requirement for the amount in controversy in this case is satisfied. *See* 28 U.S.C. § 1332(a)

## IV.  DEFENDANT HAS SATISFIED PROCEDURAL AND VENUE REQUIREMENTS FOR REMOVAL

21. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is diversity of citizenship between parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

22. As required by 28 U.S.C. § 1446(a) and the Southern District's Local Rules, copies of all processes, pleadings, orders, docket sheet, and other papers for this case on file in the 61st District Court of Harris County, Texas are attached collectively as Exhibit A. (*See* Ex. C)

23. Harris County, Texas is located within the Southern District of Texas, Houston Division. Venue for this action is proper in this Court because the Southern District of Texas, Houston Division is "the district and division embracing the place where such action is pending." 28 U.S.C. §§ 1441(a) and 1446(a).

24. Immediately upon filing this Notice of Removal, written notice of the filing of this Notice will be served on Plaintiff's counsel, as required by 28 U.S.C. § 1446(d).

25. Defendant will promptly file a notice of this Notice of Removal and a copy of this Notice with the Harris County District Clerk's office as required by 28 U.S.C. § 1446(d).

26. Everest and Engle Martin consent to the removal of this case to federal court. *See* Exhibit B. Consent of Mayfield is not necessary because he is a fraudulently-joined defendant, as set forth above. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (consent of fraudulently-joined defendant not required for removal).

## V. JURY DEMAND

27. Plaintiff demanded a jury trial in the state court action, and Defendants joined in that demand.

## VI. CONCLUSION

This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because it is a civil action between citizens of different states in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs. The only non-diverse defendant, Kevin Mayfield, is improperly joined and should be disregarded for purposes of determining diversity jurisdiction. Therefore, Defendant Everest Indemnity Insurance Company gives notice that the matter bearing 2016-73084 in the 61st Judicial District of Harris County, Texas is removed to the United States District Court for the Southern District of Texas, Houston Division. Defendant requests that this court retain jurisdiction for all further proceedings in this matter.

Respectfully submitted,

*/s/ Thomas C. Wright*
Thomas C. Wright
Attorney-in-Charge
State Bar No. 22059400
S.D.Tex. ID No. 2729
WRIGHT & CLOSE, LLP
One Riverway, Suite 2200
Houston, Texas 77056
Telephone: (713) 572-4321
Facsimile: (713) 572-4320
wright@wrightclose.com

                        **ATTORNEY FOR DEFENDANTS EVEREST INDEMNITY INSURANCE COMPANY, ENGLE MARTIN & ASSOCIATES AND KEVIN WILSON MAYFIELD**

OF COUNSEL:

Andrew C. Nelson
State Bar No. 24074801
S.D.Tex. ID No. 1619211
WRIGHT & CLOSE, LLP
One Riverway, Suite 2200
Houston, Texas 77056
Telephone: (713) 572-4321
Facsimile: (713) 572-4320
nelson@wrightclose.com

## CERTIFICATE OF SERVICE

     This is to certify a true and correct copy of the above and foregoing instrument was served upon all counsel of record in accordance with the Federal Rules of Civil Procedure via the Court's CM/ECF system on January 4, 2017.

Jeffrey L. Raizner
Andrew P. Slania
Amy Bailey Hargis
RAIZNER SLANIA, LLP
2402 Dunlavy Street
Houston, Texas 77006

                                    */s/ Thomas C. Wright*
                                    Thomas C. Wright